UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 17-cv-14363-MIDDLEBROOKS

DAVID POSCHMANN,

    Plaintiff,

v.

CORAL REEF OF KEY BISCAYNE
DEVELOPERS, INC.,

    Defendant.
_____/

## ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Plaintiff David Poschmann's Motion for Summary Judgment ("Motion"), filed on April 17, 2018. (DE 26). Defendant Coral Reef of Key Biscayne Developers, Inc.'s ("Defendant") filed its response on May 1, 2018. (DE 27). Plaintiff David Poschmann ("Plaintiff") replied on May 4, 2018. (DE 29). For reasons stated below, Plaintiff's Motion is granted in part.

### I.    BACKGROUND

This is an action for (1) injunctive relief under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.* to require Defendant to modify its online hotel reservation system consistent with ADA regulations, 28 C.F.R. § 36.302(e)(1), and (2) attorney's fees and costs. The following facts are derived from Plaintiff's Statement of Material Facts filed in support of its Motion (DE 26-2 (hereinafter, Plaintiff's Statement of Facts ("PSOF")), and from Defendant's Affidavit of Richard Meruelo (DE 28 (hereinafter "Meruelo

Aff.")) submitted in opposition to Plaintiff's Motion.[1] Unless otherwise specified, the Parties do not dispute the facts listed herein.

Plaintiff is disabled under the ADA due to the amputation of his right leg above his knee, forcing him to use a wheelchair. (PSOF ¶ 1; DE 26-1 (hereinafter "Poschmann Aff." ¶ 3)). Defendant owns and operates the Coral Reef at Key Biscayne Hotel (the "Hotel") and the hotel's website (the "Website"), www.keybiscayneapt.com, which allows visitors to make a reservation at the Hotel. (PSOF ¶ 2; Meruelo Aff. ¶¶ 5, 10). The Hotel was built in 1967, before the ADA was enacted. (Meruelo Aff. ¶ 7). In October, 2017, Plaintiff visited the Website as a "tester" to ascertain whether the Hotel was accessible to him and whether it complied with the provisions of 28 C.F.R. § 36.302(e)(1), regulating reservations made by places of lodging under the ADA. (PSOF ¶ 3).

The Website has a tab labeled "reservations" which allows visitors to make a reservation at the Hotel. (Meruelo Aff. ¶ 10). In order to make a reservation, a visitor to the Website must fill out the "required fields" of "Additional Room Requests" and "Special Requests," where a visitor can request a "disabled accessible room." (Meruelo Aff. ¶ 11). The Website also has a tab labeled "Contact Us," which provides the email address and telephone number that a visitor can use to request a disabled accessible room. (Meruelo Aff. ¶ 12).

The Website does not identify or describe any accessible or inaccessible features at the Hotel, including the Hotel's guest rooms, and Plaintiff was unable to determine from the Website whether the Hotel was accessible to him. (PSOF ¶ 6). The Website does not permit a

---

[1] Defendant did not submit a statement of material facts in opposition to Plaintiff's Motion in compliance with S.D. Fla. Local Rule 56.1. Instead, Defendant submitted an affidavit of Richard Meruelo, Defendant's Vice President, which does not correspond with the order and paragraph numbering scheme used by Plaintiff. (DE 28). Despite Defendant's non-compliance with Local Rule 56.1, I am able to discern the facts about which there is any dispute from the Meruelo Affidavit and Plaintiff's Statement of Facts.

2

visitor to guarantee an accessible room when making a reservation, but it does permit a visitor to guarantee a reservation for a room inaccessible to disabled persons. (PSOF ¶¶ 5, 7). Plaintiff intends to return to the Website within thirty days to utilize its services by determining whether the Hotel is accessible to him, and, if so, to reserve an accessible room at the Hotel and/or to test it for compliance with the ADA. (PSOF ¶ 4).

## II.    LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant." *Ellis v. England*, 432 F.3d 1321, 1325-26 (11th Cir. 2005). "For factual issues to be considered genuine, they must have a real basis in the record." *Id.* at 1326 (internal citation omitted). "For instance, mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Id.* (internal citation omitted). "Moreover, statements in affidavits that are based, in part, upon information and belief, cannot raise genuine issues of fact, and thus also cannot defeat a motion for summary judgment." *Id.* (internal citations omitted).

The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)(1)(A)). When the moving party bears the burden of proof at trial, "the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving

party." *United States v. Four Parcels of Real Prop. in Greene & Tuscaloosa Ctys. in State of Ala.*, 941 F.2d 1428, 1438 (11th Cir. 1991) (internal citation omitted). "If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the nonmoving party, in response, comes forward with significant, probative evidence demonstrating the existence of a triable issue of fact." *Id.* (internal quotations and citations omitted).

### III. DISCUSSION

#### a. Hotel Reservation Regulations - ADA

Title III of the ADA states:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). A private right of action is available "to any person who is being subjected to discrimination on the basis of disability in violation of this subchapter . . . ." 42 U.S.C. § 12188(a)(1). "A plaintiff alleging Title III ADA discrimination must initially prove that (1) he is a disabled individual; (2) the defendant[] own[s], lease[s], or operate[s] a place of public accommodation; and (3) the defendant[] discriminated against the plaintiff within the meaning of the ADA." *Norkunas v. Seahorse NB, LLC*, 444 F. App'x 412, 416 (11th Cir. 2011) (citing 42 U.S.C. § 12182(a)). Injunctive relief is available to remedy discrimination on the basis of disability. 42 U.S.C. § 12188(a)(1); 42 U.S.C. § 2000a-3(a).

"The term 'disability' means, with respect to an individual-- (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). An "inn, hotel, motel, or other place of lodging" is considered to be a place of public accommodation. 42 U.S.C § 12181(7)(A). Discrimination includes "a failure to make

4

reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii).

The Department of Justice ("DOJ") promulgated 28 C.F.R. § 36.302(e) to carry out the provisions of the ADA prohibiting discrimination in public accommodations, including by "an inn, hotel, motel, or other place of lodging." 42 U.S.C. § 12181(7)(A); 42 U.S.C. § 12182(a); 42 U.S.C. § 12186(b). Section 36.302(e)(1) provides that:

> A public accommodation that owns, leases, (or leases to), or operates a place of lodging shall, with respect to reservations made by any means . . .
>
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms.
>
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
>
> (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
>
> (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
>
> (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

§ 36.302(e)(1).

Plaintiff moves for summary judgment as to its claims for injunctive relief against Defendant for failing to comply with all five of the above regulations. (DE 1, ¶¶ 7, 13; DE 26 at 7-9, 11-12). Plaintiff attests, and Defendant does not dispute, that Plaintiff has a disability within the meaning of the ADA (PSOF ¶ 1), and is a "tester" and possible patron of the Hotel (PSOF ¶ 3). It is undisputed that Defendant is the owner and operator of the Hotel, a "place of lodging" under the ADA, and the Website, through which Plaintiff attempted, but was unable to, make a reservation for an accessible room at the Hotel. (PSOF ¶¶ 2-3; Meruelo Aff. ¶ 5, 10). Defendant also does not dispute that Plaintiff intends to return to the Website within thirty days to determine whether the Hotel is accessible to him, and, if so, to reserve a room at the Hotel or to test the Hotel's Website reservation system for its compliance with the ADA. (PSOF ¶ 4).

In light of these undisputed material facts, Plaintiff has demonstrated that if Defendant's Website is non-compliant with § 36.302(e)(1), Plaintiff has suffered an injury-in-fact that can be redressed by injunctive relief requiring Defendant to modify its room reservation system to be in compliance with ADA regulations. *See Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (describing standing requirements for injunctive relief under ADA). Thus, to obtain injunctive relief as to each of the five ADA requirements for reservations made by places of lodging, Plaintiff must show that there is no genuine dispute of material fact as to Defendant's non-compliance with that regulation, and that therefore Plaintiff is entitled to judgment as a matter of law. Whether Plaintiff is entitled to summary judgment for injunctive relief as to each regulatory requirement will be addressed in turn.

First, Plaintiff argues that it is entitled to injunctive relief as to § 36.302(e)(1)(i) because it is undisputed that individuals with disabilities cannot make reservations for accessible guest rooms at Defendant's Hotel through during the same hours and in the same manner as

6

individuals who do not need accessible rooms. (DE 26 at 8-9; PSOF ¶¶ 5-6). Defendant argues that individuals with disabilities can make reservations for accessible rooms in the same manner as individuals who make reservations for non-accessible rooms.[2] To support its argument, Defendant points to the fact that the online "reservations" system has two fields titled "additional room requests" and "special requests" that all individuals making an online reservation must fill out when submitting a reservation. (Meruelo Aff. ¶¶ 10-11). Defendant states that individuals can make a "special request" for a "disabled accessible room" when they complete these fields. (*Id.* ¶ 11). Defendant also attests that an individual seeking an accessible room can request one by calling the Hotel's telephone number or emailing the Hotel through contact information listed in the "Contact Us" tab on the Website. (*Id.* ¶ 12).

The relevant regulation provides that a reservation for an accessible guest room must be able to be made "during the same hours and in the same manner as individuals who do not need accessible rooms." § 36.302(e)(1)(i). Guidance published by the DOJ on the regulation further clarifies its meaning. *See Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994) (giving "substantial deference" and "controlling weight" to an agency's interpretation of its own regulations). The guidance provides that "basic nondiscrimination principles mandate that individuals with disabilities should be able to reserve hotel rooms with the *same efficiency, immediacy, and convenience* as those who do not need accessible guest rooms. 28 C.F.R. Pt. 36, App. A, Guidance on Revisions to ADA Regulation on Nondiscrimination on the Basis of

---

[2] In the Order Denying Defendant's Motion to Dismiss (DE 18), I informed Defendant that his arguments for dismissal misunderstood Plaintiff's claims because "Plaintiff does not allege that he is unable to access Defendant's website itself; rather, Plaintiff alleges that Defendant's online reservation system for the Hotel violates the ADA because he is unable to book a guaranteed accessible room through that system, as required by 28 C.F.R. § 36.302(e)." (DE 18 at 3). Defendant inexplicably makes the *same inapplicable legal arguments* in opposition to Plaintiff's Motion for Summary Judgment. I can only wonder why.

Disability by Public Accommodations and Commercial Facilities (Mar. 15, 2011) (hereinafter "DOJ Guidance") (emphasis added) (rejecting comments by hotels to change language to "in a substantially similar manner" from "in the same manner"). Irrespective of whether individuals seeking to make reservations can do so by telephone or by email, it is readily apparent that individuals seeking to reserve accessible hotel rooms cannot do so on the Website in the same manner – with the same efficiency, immediacy, and convenience – as those seeking to reserve non-accessible guest rooms. § 36.302(e)(1)(i).

It is undisputed that the Website does not give any information as to the accessible or inaccessible features or guest rooms at the Hotel. (PSOF ¶ 6). Even if the "additional room request" and "special request" fields must be filled out for all reservations, the absence of any information about the Hotel's accessible guest rooms leaves an individual requesting an accessible room with no indication whether the type of room they are requesting even exists at the Hotel. While an individual who does not need an accessible room can feel confident that they have reserved a room through the Website, an individual requesting an accessible room through the Website does not know (1) if there are accessible rooms available for the requested dates, or (2) the features of any accessible room, at least until they receive some response from a Hotel employee. Accordingly, an individual requesting an accessible room cannot reserve one through the Website in the same manner as someone who does not need an accessible room, in violation of § 36.302(e)(1)(i).

As previously mentioned, it is undisputed that the "Hotel's Website does not identify and describe any accessible or inaccessible features at the hotel, including within the Hotel's guest rooms, and Plaintiff was unable to determine from the website whether the Hotel was accessible to him." (PSOF ¶ 6). Plaintiff argues that this entitles him to injunctive relief against Defendant

as to § 36.302(ii), which requires hotels to "[i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service" so that an individual requesting an accessible room can determine whether the hotel and guest room meets his or her needs. § 36.302(e)(1)(ii). Defendant attests that because the Hotel was constructed in 1967, before the passage of the ADA, "the costs attendant to altering facilities constructed before its enactment would require that demolition take place which would be both expensive and destroy the character of the Hotel." (Meruelo Aff. ¶¶ 7, 9). However, as Plaintiff points out, "[a]rchitectural modifications are not requested" in the Complaint; instead, Plaintiff seeks compliance with regulations governing hotel reservations for already-accessible rooms, if any. Moreover, even hotels built before the passage of the ADA must comply with § 36.302(e)(1)(ii). DOJ guidance directly on point states that "[f]or older hotels with limited accessibility features, information about the hotel should include, at a minimum, information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms," as well as "important features that do not comply with the 1991 Standards." 28 C.F.R. Pt. 36, App. A, DOJ Guidance. Since it is undisputed that Defendant's Website contains no such information regarding accessibility, Defendant is in violation of § 36.302(e)(1)(ii), and judgment is granted for Plaintiff for injunctive relief on that basis.

Plaintiff also moves for summary judgment as to the remaining three ADA regulations on hotel reservations. *See* §§ 36.302(e)(1)(iii)-(v). Notably, whether a hotel is compliant with these regulations cannot be established based on the personal knowledge of a plaintiff attempting to reserve a room at a hotel. This is because whether a hotel is in compliance with those three regulations requires knowing whether a hotel: (1) holds accessible guest rooms for use by individuals with disabilities until all other guest rooms have been rented (§ 36.302(e)(1)(iii)); (2)

blocks and removes any accessible guest rooms from all reservation systems once that room has been reserved (§ 36.302(e)(1)(iv)); and (3) guarantees that the specific guest room reserved through its reservations service is held specifically for the reserving customer (§ 36.302(e)(1)(v)). Plaintiff's Statement of Facts asserts that the "Hotel's Website does not permit the holding, blocking and guaranteeing of an accessible room," but the evidence submitted in support of that "fact" is wholly insufficient. (PSOF ¶ 7). The only evidence that Plaintiff cites in support of his Statement of Facts is his own affidavit, based on his personal experience attempting to reserve a room at the Hotel through the Website, and screenshots of the Website's reservation system. (*See generally* PSOF; DE 26-1 ("Poschmann Aff."), Exs. 1-4). None of the evidence supports the notion that Defendant's Website does not permit the holding, blocking, and guaranteeing of an accessible room, and it is unclear how Plaintiff could attest to anything about Defendant's internal room reservation procedures from his own experience using the Website. *See* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support . . . a motion must be made on personal knowledge . . . ."). Plaintiff may be able to obtain evidence supporting his position through discovery, such as through deposing Defendant's employees about how the Hotel's reservation system operates with regard to accessible rooms. *See Barnes v. Marriott Hotel Servs., Inc.*, No. 15-01409, 2017 WL 635474, at *9-12 (N.D. Cal. Feb. 16, 2017) (citing to deposition testimony in order on summary judgment regarding purported violations of § 36.302(e)(1)). Although Defendant does not expressly controvert this part of Plaintiff's Statement of Facts, that fact will only be deemed admitted by the opposing party "provided that the Court finds that the movant's statement is supported by evidence in the record." S.D. Fla. L.R. 56.1(b). I do not find evidence in the record to support that fact here.

Accordingly, summary judgment is denied as to Plaintiff's claim for injunctive relief for violations of §§ 36.302(e)(1)(iii)-(v).

### b. **Attorney's Fees and Costs**

Plaintiff seeks attorney's fees and costs. The Court may, in its discretion, award reasonable attorney's fees, including litigation expenses, and costs to the prevailing party. 42 U.S.C. § 12205. As Plaintiff has prevailed as to part of his claim, Plaintiff may file a verified motion for attorney's fees subsequent to the Court's entry of final judgment in favor of Plaintiff. Plaintiff must comply with Local Rule 7.3 in filing any motion for attorney's fees and non-taxable expenses and costs, including engaging in a "good faith effort to resolve the motion." S.D. Fla. L.R. 7.3. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment (DE 26) is **GRANTED IN PART AND DENIED IN PART**. Final judgment will be entered by separate order. The issues remaining are whether Plaintiff is entitled to injunctive relief against Defendant for alleged violations of 28 C.F.R. § 36.302(e)(1)(iii)-(v).

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 22 day of May, 2018.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record